UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PINNACLE PROCESSING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, a foreign insurer, <br><br> Defendant. | CASE NO. C10-1126-RSM <br><br> ORDER ON MOTION FOR RULE 54(B) CERTIFICATION |

# I. INTRODUCTION

This matter comes before the Court upon Plaintiff's unopposed motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b). *See* Dkt. No. 47. For the reasons set forth below, Plaintiff's motion is DENIED.

# II. DISCUSSION

**A. Background**

On November 4, 2011, the Court considered the parties' cross motions for partial summary judgment and determined that the insurance contract at issue did not cover Plaintiff's losses. *See* Dkt. No. 46. Summary judgment was entered on Plaintiff's claims for breach of

contract and for declaratory relief. Plaintiff's claims for bad faith, for violations of the Washington Consumer Protection Act (RCW 19.86, *et. seq.*) ("WCPA"), and for violations of the Insurance Fair Conduct Act (RCW 48.30 *et. seq.*) ("IFCA") remain unresolved. Plaintiff contends that "further litigation with respect to these extra-contractual claims in this case would be fruitless and a waste of the resources of the Court and the parties." Dkt. No. 47, p. 2. As a result, Plaintiff seeks Rule 54(b) certification on its claims for breach of contract and for declaratory relief so that it may immediately appeal those claims. Defendant does not oppose the motion and has entered a stipulation and proposed order with the Court providing that:

> 1. Plaintiff's claims for breach of contract, bad faith, exemplary damages, violation of the Insurance Fair Conduct Act, violation of the Consumer Protection Act and for attorneys fees and costs do not lie against Hartford Casualty in the absence of coverage.
> 2. This Court's Order on the parties' cross-motions for summary judgment (Dkt. #46), which ruled that the Hartford Casualty insurance policy affords no coverage for Plaintiff's claimed loss, renders the Plaintiff's claims described in ¶1 unsustainable at this time.
> 3. In the event Plaintiff appeals this Court's Order on the cross-motions for summary judgment and this Court's Order is affirmed by the Ninth Circuit, the Plaintiff's claims described in ¶1 are concomitantly dismissed with prejudice.
> 4. In the event that the Ninth Circuit reverses this Court's Order on the Parties' cross-motions for summary judgment, Plaintiff may litigate the claims described in ¶1 before this Court on remand.
> 5. The Parties agree that there is no reason to litigate Plaintiff's claims described in ¶1 prior to Plaintiff exercising its right to appeal; and, therefore, the Parties stipulate to certification under Fed. R. Civ. Proc. 54(b) that the Court's ruling on the cross-motions for summary judgment (Dkt.# 46) is a final judgment.

Dkt. No. 49.

**B. Analysis**

Federal Rule of Civil Procedure 54(b) provides an exception to the general rule that a final judgment is proper and an appeal may be taken only after the court has adjudicated all the parties' claims for relief. Rule 54(b) allows the court to enter final judgment as to one or more claims "only if the court expressly determines that there is no just reason for delay." FED. R.

CIV. P. 54(b).[1] "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.,* 776 F.2d 1414, 1416 (9th Cir.1985) (quoting *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981)).

There are two factors to consider in ordering Rule 54(b) certification. *Curtis-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 954 (9th Cir.2006). First, the court must consider the overlap of factual and legal issues between those claims disposed of under Rule 54(b) and those still pending before the trial court. *Id.* Second, the court must assess the equities that weigh in favor and against certification. *Id.* A Rule 54(b) certification is appropriate if it will aid "expeditious decision" of the case. However, the court must also consider the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797-98 (9th Cir.1991). The Ninth Circuit prohibits the trial court from directing entry of judgment under Rule 54(b) "unless it has

---

[1] Rule 54(b) of the Federal Rules of Civil Procedure provides:
> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

made specific findings setting forth the reasons for its order." *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981).

Here, neither party has provided the Court with argument about why this case is appropriate for Rule 54(b) certification. Plaintiff claims in summary fashion that litigation of the remaining issues would be "fruitless and a waste of resources," (Dkt. No. 47, p. 2) whereas the stipulation provides that the claims "do not lie … in the absence of coverage" (Dkt. No. 49). Neither party explains why this is the type of unusual case that merits entry of judgment as to less than all of the claims. In general, a motion requesting a court order must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). The parties have failed to comply with this requirement, significantly curtailing the Court's ability to provide relief.

Moreover, without the aid of argument, the Court is particularly concerned about the threat of piecemeal litigation should it enter the parties' proposed order for Rule 54(b) certification. Presumably, if this Court's ordered were reversed on appeal and Plaintiff were to subsequently prevail on the non-coverage issues, the Defendants could seek to appeal the ruling on those non-coverage issues. The appeals court, then, would be required to visit this matter twice. This appears to be precisely the concern regarding entry of judgment as to less than all of the claims. *Texaco, Inc.* 939 F.2d at 797-98.

The Court acknowledges that litigating the remaining, highly fact-intensive issues may be costly. The Court also recognizes that the cost of such litigation may be particularly unpalatable – to both the parties and the Court – in light of the Court's prior ruling on summary judgment. Additionally, since both parties seek the relief requested, it would seem that neither party would be prejudiced by this Court simply entering the parties' proposed order. However, the standard for certification under Rule 54(b) is clear, and the parties have not persuaded the Court that they

present the exception to the rule the final judgment not be entered as to less than all the claims in a single action. Finally, the proposed order would not satisfy the Ninth Circuit's requirement that the district make "specific findings setting forth the reasons for it order." *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981). Accordingly, the motion (Dkt. No. 47) is hereby DENIED and the stipulation and proposed order (Dkt. No. 49) will not be entered.

Dated this 2nd day of December 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE